UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tod Seelie,<br><br>      Plaintiff,<br><br>   v.<br><br>Loft Industrie, Inc.<br><br>      Defendant. | Civil Action No.: 1:25-cv-02724 |

## ANSWER

Defendant Loft Industrie, Inc. ("Loft") by and through its undersigned attorneys, Jayakumar Law, hereby submits its answer to the Complaint of Tod Seelie ("Plaintiff") as follows:

## INTRODUCTION

1. In response to paragraph 1 of the Complaint, Loft admits that Plaintiff alleges claims against it but denies that those claims have any merit.

2. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that basis denies them.

3. Loft admits that it owns and operates the Website as defined in paragraph 3 of the Complaint.

4. Loft denies the allegations contained in paragraph 4 of the Complaint.

## PARTIES

5. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and on that basis denies them.

6. Loft denies the allegations contained in paragraph 6 of the Complaint, except admits that it is a New York corporation.

## JURISDICTION AND VENUE

7. Loft denies the allegations contained in paragraph 7 of the Complaint, except admits that this Court has subject matter jurisdiction.

8. Loft denies the allegations contained in paragraph 8 of the Complaint, except admits that this Court has personal jurisdiction over Loft.

9. Loft denies the allegations contained in paragraph 9 of the Complaint, except admits that venue is proper.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and on that basis denies them.

11. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and on that basis denies them.

12. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and on that basis denies them.

13. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis denies them.

14. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and on that basis denies them.

15. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and on that basis denies them.

16. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and on that basis denies them.

17. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and on that basis denies them.

**B.    Defendant's Infringing Activity**

18. Loft denies the allegations contained in paragraph 18 of the Complaint, except admits that it is the registered owner of the Website.

19. Loft denies the allegations contained in paragraph 19 of the Complaint, except admits that it operates the Website.

20. Loft denies the allegations contained in paragraph 20 of the Complaint.

21. Loft denies the allegations contained in paragraph 21 of the Complaint.

22. Loft denies the allegations contained in paragraph 22 of the Complaint.

23. Loft denies the allegations contained in paragraph 23 of the Complaint.

24. Loft denies the allegations contained in paragraph 24 of the Complaint.

25. Loft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and on that basis denies them.

26. Loft denies the allegations contained in paragraph 26 of the Complaint.

27. Loft denies the allegations contained in paragraph 27 of the Complaint.

28. Loft denies the allegations contained in paragraph 28 of the Complaint.

29. Loft denies the allegations contained in paragraph 29 of the Complaint.

30. Loft denies the allegations contained in paragraph 30 of the Complaint.

31. Loft denies the allegations contained in paragraph 31 of the Complaint.

32. Loft denies the allegations contained in paragraph 32 of the Complaint.

33. Loft denies the allegations contained in paragraph 33 of the Complaint.

34. Loft denies the allegations contained in paragraph 34 of the Complaint.

35. Loft denies the allegations contained in paragraph 35 of the Complaint.

36. Loft denies the allegations contained in paragraph 36 of the Complaint.

37. Loft denies the allegations contained in paragraph 37 of the Complaint.

38. Loft denies the allegations contained in paragraph 38 of the Complaint.

39. Loft lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Loft denies the allegations contained in paragraph 40 of the Complaint.

41. Loft denies the allegations contained in paragraph 41 of the Complaint.

42. Loft denies the allegations contained in paragraph 42 of the Complaint.

43. Loft denies the allegations contained in paragraph 43 of the Complaint.

**FIRST COUNT – Direct Copyright Infringement, 17 U.S.C. §501 *et seq.***

44. Loft repeats and reincorporated by reference its denials and admissions contained in the preceding paragraphs, as though set forth fully herein.

45. Loft denies the allegations contained in paragraph 45 of the Complaint.

46. Loft denies the allegations contained in paragraph 46 of the Complaint.

47. Loft denies the allegations contained in paragraph 47 of the Complaint.

48. Loft denies the allegations contained in paragraph 48 of the Complaint.

49. Loft denies the allegations contained in paragraph 49 of the Complaint.

50. Loft denies the allegations contained in paragraph 50 of the Complaint.

51. Paragraph 60 of the Complaint contains a legal conclusion to which Loft need not admit or deny. To the extent a response is necessary, Loft denies..

52. Paragraph 60 of the Complaint contains a legal conclusion to which Loft need not admit or deny. To the extent a response is necessary, Loft denies.

53. Paragraph 61 of the Complaint contains a legal conclusion to which Loft need not admit or deny. To the extent a response is necessary, Loft denies

## JURY DEMAND

54. Paragraph 54 of the Complaint contains Plaintiff's demand for a jury trial. Loft need not admit or deny this statement.

## PRAYER FOR RELIEF

Defendant states that the allegations contained in the Prayer for Relief of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in the Prayer for Relief of the Complaint and further denies that Plaintiff is entitled to any of the relief requested herein.

## AFFIRMATIVE DEFENSES

1. **First Affirmative Defense** - The Complaint fails to allege facts sufficient to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), including, but not limited to, failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).

2. **Second Affirmative Defense** – Defendant is informed and believes, and on that basis alleges, that the Complaint, and the purported claims for relief contained therein, is barred (in whole or in part) on the grounds that the asserted copyrights do not constitute original works of authorship and/or other not entitled to copyright protection.

3. **Third Affirmative Defense** – Plaintiff's claims are barred because Plaintiff's purported copyright and/or copyright registration is invalid, void and unenforceable.

4. **Fourth Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing to assert the claims asserted herein against Defendant.

5. **Fifth Affirmative Defense** – Plaintiff cannot prevail on its claims against Defendant because to the extent Plaintiff may be entitled to any copyright protection in the Photograph, such protection is extremely thin, and Plaintiff will not be able to establish infringement under the principles governing thin copyrights.

6. **Sixth Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

7. **Seventh Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, as they fail to meet requirements for filing a copyright infringement suit under 17 U.S.C. § 411.

8. **Eighth Affirmative Defense** – Plaintiff fails to state facts sufficient to permit recovery of attorney's fees, and/or Plaintiff is barred from recovering attorney's fees and/or statutory damages under 17 U.S.C. § 412.

9. **Ninth Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate damages, if such damages exist.

10. **Tenth Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

11. **Eleventh Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

12. **Twelfth Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

13. **Thirteenth Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

14. **Fourteenth Affirmative Defense** – Plaintiff's claims of willful infringement are barred, in whole or in part, in that any of Defendant's acts of infringement were innocent, noninfringing, and not willful.

15. **Fifteenth Affirmative Defense** – Plaintiff's claims for statutory damages are barred, in whole or in part, to the extent that any acts of infringement occurring after registration of the asserted works were a continuation of an ongoing series of acts that commenced prior to registration of the asserted works.

16. **Sixteenth Affirmative Defense** – Plaintiff's claims for statutory damages are barred, in whole or in part, in that any acts of infringement occurred before first registration of the asserted works.

17. **Seventeenth Affirmative Defense** – Plaintiff's claims for attorneys fees are barred, in whole or in part, to the extent that any acts of infringement occurring after registration of the asserted works were a continuation of an ongoing series of acts that commenced prior to registration of the asserted works.

18. **Eighteenth Affirmative Defense** – Plaintiff's claims for attorneys fees are barred, in whole or in part, in that any acts of infringement occurred before first registration of the asserted works.

19. **Nineteenth Affirmative Defense** – Plaintiff has not suffered any damages cognizable under any applicable federal or state law as a result of any alleged act or conduct of Defendants.

20. **Twentieth Affirmative Defense** – Plaintiff's claims fail in whole or in part because there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant and the relief prayed for therefore cannot be granted.

21. **Twenty First Affirmative Defense** – Plaintiff's claims for statutory damages are barred, in whole or in part, in that Plaintiff is not entitled to both actual damages and statutory damages

22. **Twenty Second Affirmative Defense** – Plaintiff's claims are barred, in whole or in part, on the grounds that it does not possess the requisite rights to maintain suit against Defendant for copyright infringement and/or damages purportedly resulting therefrom.

23. **Twenty Third Affirmative Defense** – Upon information and belief, Plaintiff's claims are barred because it has failed to join indispensable parties, including without limitation, others claiming ownership of or other interests in the purported copyright in the asserted works, all of whom who are necessary for a complete and full adjudication of Plaintiff's claims, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

24. **Twenty Fourth Affirmative Defense** – Upon information and belief, Plaintiff's claims are barred by the doctrine of consent, in that Plaintiff (and/or the owners of the asserted works) consented to the acts Plaintiff now complains of, as evidenced by, among other things, its purposeful distribution of copies of the asserted works into the public domain, and deliberate allowance of such design to be copied freely.

25. **Twenty Fifth Affirmative Defense** - Plaintiff's claims are barred on the grounds that the allegedly infringing design was independently created.

26. **Twenty Sixth Affirmative Defense** – Plaintiff's claims are barred because the relevant statute of limitations has lapsed.

## RESERVATION OF RIGHTS TO PLEAD ADDITIONAL DEFENSES AND/OR COUNTERCLAIMS

Defendant reserves the right to amend its Answer to the Complaint to assert additional Affirmative Defenses and/or to assert Counterclaims. All possible affirmative defenses and counterclaims may not have been alleged here insofar as sufficient facts were not available, after reasonable inquiry, upon the filing of Defendant's Answer to the Complaint. Defendant may later amend its Answer to raise additional affirmative defenses and/or counterclaims, if warranted by subsequent investigation. By providing this Answer, Defendant does not waive or relinquish any present or potential affirmative defense and/or counterclaims.

## DEMAND FOR JURY

Defendant hereby demands a trial by jury.

Dated: New York, NY
May 13, 2025

Respectfully submitted,

JAYAKUMAR LAW

*/s/ Arvind Jayakumar*
Arvind Jayakumar
130 E 36 Street 5R
New York, New York 10016
ajayakumar@jayakumarlaw.com
214-598-8145

*Counsel for Defendant*
*Loft Industrie, Inc.*

**Certificate of Service**

A copy of the foregoing was served upon all counsel who have entered an appearance in this matter via Electronic Case Filing (CM/ECF).

Dated: New York, NY
May 13, 2025

Respectfully submitted,

JAYAKUMAR LAW

*/s/ Arvind Jayakumar*
Arvind Jayakumar
130 E 36 Street 5R
New York, New York 10016
ajayakumar@jayakumarlaw.com
214-598-8145

*Counsel for Defendant*